IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEROME FINIS SAWYERS            )
                                )
    v.                          )   NO. 3:05-0528
                                )
UNITED STATES OF AMERICA, et al. )


TO:  Honorable Todd J. Campbell, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered July 7, 2005 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff is a federal inmate who, in April 2002, was convicted by a jury in the Middle District of Tennessee of one count of possessing unregistered firearms in violation of 26 U.S.C. § 5861(d) and one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] See U.S.A. v. Jerome Sawyers, No. 3:01-cr-00133. On April 25, 2003, the plaintiff appeared for a sentencing hearing and was subsequently sentenced to a total of 240 months imprisonment for these crimes.

The plaintiff filed a notice of appeal on June 18, 2003. By order entered March 22, 2005, the Sixth Circuit Court of Appeals affirmed the convictions but remanded the matter for resentencing in light of the decisions by the United States Supreme Court in

---

[1] The jury acquitted the plaintiff of a drug offense count and did not consider another firearm count.

United States v. Booker and United States v. Fanfan, __ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The plaintiff is currently awaiting resentencing. See United States v. Sawyers, 127 Fed.Appx. 174 (6th Cir. 2005).

On July 6, 2005, the plaintiff filed the instant civil action against the United States of America, Richard F. Clippard, Van Vincent, James K. Vines, Robert L. Echols, Keith Throckmorton, Denny King, and Donald Stine. The plaintiff brings his action as an admiralty claim under 46 U.S.C. §§ 741, 742, 744, 748, 750, and 781. As relief, he seeks his immediate release from incarceration. Summons were issued on July 27, 2005, but no returns of service have been filed, so it is not clear whether service of process has been made upon any of the defendants. No defendant has responded to the complaint.

It is well settled that federal trial courts have the inherent power to manage their own dockets. See Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Pursuant to this authority, the Court recommends that this action be DISMISSED sua sponte for failure to state an arguable legal claim. Permitting this case to continue would be a needless waste of time, effort, and money for all involved. By this Report and Recommendation, which recommends dismissal of the plaintiff's claim, and the ten day period for objections to be filed by the plaintiff, the procedural requirements for a sua sponte grant of dismissal under Rule 12(b)(6) for failure to state a claim have been satisfied. See

Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984); see also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

Although the complaint is almost incomprehensible, it appears that the plaintiff would like the Court to view him as either a maritime vessel or some type of commercial property for which the United States Government has not taken proper steps to exert control over and seize. According to the plaintiff's convoluted reasoning, he should therefore be released from his criminal confinement because he has the highest ranking and most superior claim to the property of his person. The plaintiff's action is nothing but a collection of gibberish and has absolutely no legal merit. This action does not involve an admiralty claim, and there is nothing contained in Title 46 which even remotely provides an avenue for relief from a criminal conviction and sentence.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and

3

Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                          Respectfully submitted,

                          _____
                          JULIET GRIFFIN
                          United States Magistrate Judge